```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

RAYMOND JACKSON,                §
                                §
                Plaintiff,      §
                                § Civil Action No. 3:03-CV-2341-D
VS.                             §
                                §
FEDERAL EXPRESS CORPORATION,    §
et al.,                         §
                                §
                Defendants.     §

                      MEMORANDUM OPINION
                          AND ORDER

Defendant Federal Express Corporation ("FedEx") filed on May 10, 2006 a motion in limine to exclude all testimony of plaintiff's former employees' alleged discriminatory or harassing conduct or, in the alternative, motion for leave to depose individuals with said knowledge. Plaintiff Raymond Jackson ("Jackson") opposes the motion.[1] The court denies the motion in limine but grants the alternative motion for leave to depose individuals who Jackson alleges have knowledge of discriminatory or harassing acts committed by FedEx employees.[2]

---

[1] FedEx contends that, because Jackson's response was two days late, the court should grant the motion as unopposed. Although the response was late, the tardiness has not interfered with the decisional process of the court or prejudiced FedEx. Moreover, as the court notes below, granting the motion would essentially result in the dismissal of the remainder of Jackson's case. Because the court declines effectively to dismiss this case on the merits under these circumstances, it will not grant FedEx's motion based on the tardiness of Jackson's response.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the

I

As a result of the court's earlier decision granting in part and denying in part FedEx's motion for summary judgment, *see Jackson v. Federal Express Corp.*, 2006 WL 680471 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.), and Jackson's April 25, 2006 notice of withdrawal of other claims that the court indicated *sua sponte* would be subject to dismissal, the trial of Jackson's lawsuit will be limited to his racially hostile work environment claim under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. §§ 21.001-21.556 (Vernon 2006).  FedEx moves to exclude all testimony and evidence pertaining to former FedEx employees' alleged discriminatory or harassing conduct. Alternatively, it moves for leave to depose the individuals who Jackson alleges have knowledge of discriminatory or harassing acts committed by former FedEx employees.  FedEx contends that Jackson did not disclose the identities of such persons as required under Fed. R. Civ. P. 26(a)(1) or in response to proper interrogatories.

---

court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II

A

As a threshold matter, the court treats FedEx's motion in limine as one filed under Rule 37(c)(1)—the rule that FedEx explicitly cites—rather than as a motion in limine. As the court's trial setting order states, "[m]otions in limine must [not] include . . . issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion." Aug. 26, 2004 Order ¶ 14. FedEx's motion is more in the nature of one that seeks a substantive ruling—the exclusion of witnesses—rather than a ruling in limine—the temporary exclusion of evidence until the court can make a definitive ruling on admissibility.[3]

---

[3]The court's order also states, in pertinent part, that

> [m]otions in limine must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party *and* (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court.

Aug. 26, 2004 Order ¶ 14. It is not apparent to the court that FedEx has sufficiently reviewed or grasped these requirements. On June 13, 2006 FedEx filed *eight* separate motions in limine. A cursory review indicates that they contain several grounds that either can be adequately raised by trial objection without prejudice to FedEx, or the prejudice of mentioning the matter in the presence of the jury can be cured by an instruction from the court. Accordingly, at the pretrial conference, the court will require that FedEx identify the specific grounds, if any, of the motions that meet both requirements for filing a motion in limine, and it will only rule on grounds that meet these requirements.

- 3 -


B

FedEx has demonstrated that, in fulfilling his obligations under Rule 26(a)(1) and in responding to proper interrogatories, Jackson did not disclose the identities of persons with knowledge of harassing conduct committed against him by his FedEx co-employees. Under Rule 37(c)(1), however, the court is not required to impose the sanction of precluding a party from calling an undisclosed witness or using undisclosed information at trial. "[I]n lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." *Id.* The court concludes that Jackson's conduct during discovery is not sufficient to warrant excluding the witnesses and information in question, which, under the circumstances presented here, would essentially result in the entry of judgment as a matter of law dismissing the remainder of Jackson's case due to the lack of evidence necessary to prove his hostile work environment claim.

III

Accordingly, the court continues the trial of this case to the two-week docket of October 16, 2006. No later than July 5, 2006, Jackson's counsel must serve on FedEx's counsel supplemental answers to Interrogatories Nos. 4 and 10 that contain the name, address, and telephone number of each individual whom Jackson intends to call at trial to testify concerning discriminatory or

harassing conduct by Jackson's former FedEx co-employees.[4]  FedEx is granted leave to take the depositions of all such individuals named.  If FedEx decides to depose any or all of them, the depositions must be completed no later than August 31, 2006.

Jackson's request that the court order these depositions to be taken entirely at FedEx's expense is denied.  His request that the depositions be limited in time, scope, and location is also denied.  The Federal Rules of Civil Procedure contain adequate limits on time.  The scope of the depositions is clear from FedEx's request and the court's order.  There is no indication in the record that the court needs to regulate the place where the depositions are taken.

*       *       *

The court denies FedEx's May 10, 2006 motion in limine and grants its alternative motion.

**SO ORDERED.**

June 14, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4]It appears from the record that these individuals will come from the following group of persons: Jackson, Ronnie Wooten, Ronnie Taylor, Michael Henry, Jeannette Rupert, Gerald Hill, and Michael Joseph.  If there are other such individuals, however, Jackson must disclose them to FedEx.